IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA BERTHOLD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC,<br><br>　　　　Defendant. | No. 07 C 7052<br><br>Judge Gottschall<br><br>Magistrate Judge Nolan |

## ANSWER TO COMPLAINT

Defendant, Leading Edge Recovery Solutions, LLC ("Leading Edge"), by its attorney, for its answer to the Plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

**ALLEGATION NO. 1:**

This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

**ANSWER:**

Leading Edge admits that this is an action for actual and statutory damages for alleged violations of the FDCPA, but denies that it violated the FDCPA and denies that Plaintiff is entitled to any actual or statutory damages.

### JURISDICTION AND VENUE

**ALLEGATION NO. 2:**

Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**ANSWER:**

Leading Edge admits.

CHICAGO/#1728458.1

## PARTIES

**ALLEGATION NO. 3:**

Plaintiff, Angela Berthold ("Plaintiff"), is an individual who was at all relevant times residing in the City of Bartlesville, State of Oklahoma.

**ANSWER:**

Leading Edge is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**ALLEGATION NO. 4:**

At all relevant times herein, Defendant, Leading Edge Recovery Solutions, LLC ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to LVNV Funding, LLC.

**ANSWER:**

Leading Edge admits.

**ALLEGATION NO. 5:**

Defendant is a corporation that has its principal place of business and its offices located in the State of Illinois.

**ANSWER:**

Leading Edge admits.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. LEADING EDGE RECOVERY SOLUTIONS, LLC

**ALLEGATION NO. 6:**

On November 24, 2007, Plaintiff received an initial debt collection letter dated, November 20, 2007, from Defendant attempting to collect a debt allegedly owed to LVNV Funding, LLC in the amount of $2,123.01.

**ANSWER:**

Leading Edge is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

**ALLEGATION NO. 7:**

On November 26, 2007, Plaintiff had three missed calls on her cellular phone and a message stating Plaintiff must return the call to Defendant by 8:00 p.m. that evening to prevent further "major action" taken against her.

**ANSWER:**

Leading Edge is without knowledge or information sufficient to form a belief as to the truth of whether on November 26, 2007, Plaintiff had three missed calls on her cellular phone. Leading Edge denies the remaining allegations of this paragraph.

**ALLEGATION NO. 8:**

When Plaintiff arrived home later that same day, she received a similar message on her home telephone stating she must return Defendant's call by 8:00 p.m. to protect her future.

**ANSWER:**

Leading Edge denies.

**ALLEGATION NO. 9:**

Plaintiff returned the telephone call and spoke with a representative of Defendant who stated that he was a debt collector and the call was placed as a courtesy to let Plaintiff know Defendant would file a lawsuit against her and she would go to jail if Plaintiff did not pay the debt in full.

**ANSWER:**

Leading Edge admits that Plaintiff placed a telephone call to Leading Edge and spoke with a representative of Leading Edge who stated that he was a debt collector. Leading Edge denies the remaining allegations of this paragraph.

**ALLEGATION NO. 10:**

Plaintiff was subsequently transferred to a manager who told her that her only two choices were to pay in full or make three payment of $700 in an effort to prevent going to jail.

**ANSWER:**

Leading Edge admits that Plaintiff was transferred to a manager. Leading Edge denies the remaining allegations of this paragraph.

CHICAGO/#1728458.1

ALLEGATION NO. 11:

Defendant further stated that Plaintiff needed to take out a loan to pay off the debt and provided Plaintiff with the name and number of a finance company.

ANSWER:

Leading Edge admits that Plaintiff was provided with the name and number of a finance company. Leading Edge denies the remaining allegations of this paragraph.

ALLEGATION NO. 12:

Defendant has continued to place repeated telephone calls to Plaintiff in an effort to collect the alleged debt.

ANSWER:

Leading Edge admits that its placed telephone calls to Plaintiff in an effort to collect the debt in question. Leading Edge denies the remaining allegations of this paragraph.

ALLEGATION NO. 13:

In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

(a) Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in 15 U.S.C. § 1692e(4);

(b) Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(c) Falsely represented or implied that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7); and

(d) Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

ANSWER:

Leading Edge denies.

ALLEGATION NO. 14:

As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

ANSWER:

Leading Edge denies.

WHEREFORE, Leading Edge prays for judgment in its favor, for its costs of suit, and for such other relief as the Court deems appropriate.

Dated: February 19, 2008

Respectfully submitted,

LEADING EDGE RECOVERY
SOLUTIONS, LLC


By: s/James V. Garvey
                    Its Attorney

James V. Garvey
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
T: 312-609-7500
F: 312-609-5005